PHYLLIS HANDY *vs.* ROBERT KRAFT. February 9, 2007. *Supreme Judicial Court,* Appeal from order of single justice.

Phyllis Handy appeals from a judgment of a single justice of this court denying her petition for relief under G. L. c. 211, § 3. We affirm.

Handy is the plaintiff in a civil action pending in the Wrentham Division of the District Court Department. A judge in that court denied her motion for an extension of time to file an amended complaint. Her petition to the single justice sought relief from that interlocutory ruling.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). That rule requires Handy to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). She has not done so. Review of the judge's ruling may be obtained on appeal from any final adverse judgment, and Handy's memorandum does not suggest otherwise.[1] See, e.g., *Danusis* v. *Longo*, 48 Mass. App.

---

[1]Handy's memorandum pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), also raises issues concerning her deposition and makes vague allegations concerning the judge's behavior. These matters, which apparently arose after the single justice denied her petition, are not properly before us. In any event, it appears that these matters could be addressed on appeal from any final adverse judgment as well.

Ct. 254, 263-264 (1999) (judge improperly denied motion to amend complaint). It follows that the single justice did not abuse his discretion or commit any other error of law by denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Phyllis Handy*, pro se.